IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM R. NOELL JR., | : | |
| Plaintiff, | : | No. 05-CV-471 |
| v. | : | Judge Jones |
| JOHN E. POTTER, Postmaster General, United States Postal Service, | : | |
| Defendant. | : | |

MEMORANDUM

June 21, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before this Court is a Motion for Summary Judgment ("Motion"), filed by Defendant John E. Potter ("Defendant" or "Potter") on February 22, 2007. (Rec. Doc. 8). For the reasons that follow, we will grant the Motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY:

On March 4, 2005, pro se Plaintiff William R. Noell, Jr. ("Plaintiff" or "Noell") filed a Complaint in the above-captioned action that alleges violations of his rights under the "The Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et [s]eq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C.

1

§ 621 <u>et seq.</u>" (Rec. Doc. 1). Plaintiff's Complaint also appears to allege a claim for discrimination on the basis of his disability. On March 4, 2005, Plaintiff filed an Affidavit to Proceed <u>In Forma Pauperis</u> (doc. 2), and on March 11, 2005, we granted Plaintiff's Application to Proceed <u>In Forma Pauperis</u> (doc. 4).

Accordingly, on August 15, 2006, we ordered that the Complaint be served (doc. 5), and on December 12, 2006, Defendant filed his Answer (doc. 6) to the Complaint.

On February 22, 2007, Defendant filed the instant Motion for Summary Judgment, as well as appropriate materials in support thereof, including exhibits totaling sixty-nine (69) pages. (Rec. Docs. 8-10). Accordingly, Plaintiff's responses thereto were due on March 9, 2007.

However, rather than filing such responses, Plaintiff filed a letter (doc. 11) requesting that this Court appoint counsel to represent him in the above-captioned action, which we construed as a Motion to Appoint Counsel and denied on April 25, 2007 (doc. 12).[1] In light of Plaintiff's failure to file a brief opposing Defendant's Motion within the time prescribed by this Court's Local Rules,[2] our

---

[1] Our reasons for said denial are thoroughly set forth therein. (<u>See</u> Rec. Doc. 12 at 3-5).

[2] Rule 7.6 of the Local Rules of this Court requires the submission of briefs opposing pretrial motions. Indeed, Rule 7.6 explicitly states that "[a]ny respondent who fails to comply with this rule shall be deemed not to oppose such motion."

April 25, 2007 Order also required Plaintiff to file "all materials in opposition to Defendant's Motion for Summary Judgment (doc. 8) within twenty (20) days of the date of this Order." (Rec. Doc. 12 at 7). To date, Plaintiff has failed to file any such materials.

**DISCUSSION:**

Rule 41(b) of the Federal Rules of Civil Procedure allows for dismissal of an action where the plaintiff fails to prosecute or fails to comply with the rules or orders of the court. In the instant action, Plaintiff failed to comply with Rule 7.6[3] of the Local Rules of this Court, which requires the filing of a brief opposing any pretrial motion, by neglecting to file a brief opposing Defendant's Motion. In addition, Plaintiff failed to follow this Court's Order of April 25, 2007, which also directed Plaintiff to file materials opposing the Motion.

We are cognizant that the Court of Appeals for the Third Circuit has reversed a district court's dismissal of an action based on a <u>pro se</u> plaintiff's failure to file a brief in accordance with the previous version of Local Rule 7.6, Local Rule 401.6. See <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29 (3d Cir. 1991). However, <u>Stackhouse</u> is distinguishable from the present circumstances because Plaintiff has not only disobeyed Local Rule 7.6, but also this Court's Order (doc.

---

[3] Local Rule 7.6 was formerly Local Rule 401.6.

12) specifically directing him to file a brief opposing the Motion.[4] Indeed, our April 25, 2007 Order also explicitly cautioned Plaintiff that although we would not consider the Motion unopposed at that time, his failure to file opposing materials could result in the dismissal of this action:

> [O]n this limited record, i.e., one without any substantive opposition to the Motion from Plaintiff, we could remain constrained to grant the Motion. Instead, in the interests of fairness and caution, we will afford Plaintiff an additional twenty (20) days from the date of this Order to submit all materials opposing the Motion. Plaintiff is forewarned that at the conclusion of those twenty (20) days, we will dispose of Defendant's Motion in due course.

(Rec. Doc. 12 at 5-6).

Further, the Third Circuit has repeatedly applied the six-part test enunciated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), in reviewing all orders that deprive a party of the right to proceed with or defend a claim. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990). The six factors outlined in Poulis are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the

---

[4] In Stackhouse, the Third Circuit explicitly narrowed its holding in such a manner as to distinguish the present situation: "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked. Thus, our holding is not broad." 951 F.2d at 30.

effectiveness of sanctions other than dismissal, which entails an analysis of <u>alternative sanctions</u>; and (6) the <u>meritoriousness</u> of the claim or defense.

747 F.2d at 868 (emphasis in original). In the instant action, nearly sixty (60) days have passed since our April 25, 2007 Order issued to afford Plaintiff an additional twenty (20) days to file materials opposing the Motion, and yet Plaintiff himself has failed to make <u>any</u> attempt to comply with said Order. He has failed to do so despite the additional contents of the Order: it simultaneously advised him of Local Rule 7.6 as well as Rule 56 of the Federal Rules of Civil Procedure, required compliance therewith, and forewarned of the consequences of failure to so comply. By failing to heed our warning and abide by our April 25, 2007 Order, Plaintiff has demonstrated dilatoriness that outweighs the other factors set forth in <u>Poulis</u>. Accordingly, we will deem the instant Motion unopposed and grant it.

An appropriate Order shall issue.